*34 Vroom.*        Simmons v. Hadley.

---

HENRIETTA SIMMONS, PLAINTIFF IN ERROR, v. MARY ELIZA HADLEY AND JACOB FRANK HADLEY, HER HUSBAND, TRUSTEES, DEFENDANTS IN ERROR.

Submitted March 27, 1899—Decided June 19, 1899.

Trustees under the will of S. are in the possession of land sued for in ejectment by one of the heirs-at-law of S., who insists that some of the purposes of the trust are void within the rule against perpetuities. There are independent, active purposes of the trust in course of execution that are clearly not within that rule and require that the trustees retain the possession of the land in suit. *Held*, that ejectment cannot be maintained at this time.

On error to the Passaic Circuit Court.

For the plaintiff in error, *Francis Scott.*

For the defendants in error, *John B. Humphreys* and *Eugene Stevenson.*

The opinion of the court was delivered by

THE CHANCELLOR.    This is an action in ejectment by the daughter of Henry P. Simmons, deceased, to recover possession of the one undivided fourth part of one-eighth of an acre of land in the city of Passaic. It was tried by the Circuit Court, without a jury, upon an agreed statement of facts which exhibits that Henry P. Simmons died testate on the 16th of June, 1896, leaving four daughters, the plaintiff, the defendant Mary Eliza Hadley, Sarah L. Howe and Margaret W. Gillan, his only heirs-at-law; that the parcel of land in question is part of Mr. Simmons residuary estate which is disposed of by the tenth paragraph of his will; that that paragraph is divided into thirteen sections; that it devises to the defendants the residuary estate in trust that it shall not be partitioned but shall be sold by the trustees from time to time; that his homestead and some unimproved lots, indicated, shall not be sold but shall be held by the trustees until his three daughters, Mrs. Gillan, Miss Simmons and Mrs. Hadley, but one shall survive and then shall be conveyed to that survivor; that the rents, issues and profits from his farm in Acquackanonk township shall be paid to the plaintiff till such time as the net income from his "general trust estate," after the payment of all debts, encumbrances, taxes and other expenses shall amount to the sum of $1,600 per annum, and if the income of the farm shall not amount to $400 per annum, then out of his "general estate" the deficiency shall be made up, so that she shall have $400 a year until the net income from his "general trust estate" shall reach $1,600 per annum; that if the plaintiff shall so request in writing, the trustees shall erect for her a dwelling-house at a cost not exceeding $3,000,

upon designated lots, which dwelling-house she may occupy free of rent during her natural life; that out of the rents, issues and profits of the " trust estate" the trustees shall pay for the education and maintenance of the granddaughter of the testator $300 annually until she shall become twenty-one years of age; that the trustees may borrow money to pay encumbrances and to improve certain lands, and that after the payment of the testator's debts, taxes and assessments on his estate, and the expense of keeping his estate in good order and in developing and improving it within the judgment of the trustees, all the remaining income shall be divided equally, at least twice a year, between the testator's four daughters; that, using the language of the will, " in case of the death of either of my said children, leaving issue her surviving, such issue shall take the share of her mother in such net income *per stirpes* and not *per capita,* until such surviving issue or the younger or youngest of such issue, if there be more than one child, shall have arrived at the age of twenty-five years; and when such surviving issue of either of my said daughters or the younger or youngest of such issue, if there be more than one child, shall have arrived at the age of twenty-five years, my said trustees shall pay over and convey to such issue in fee-simple one-fourth of all my trust estate then remaining in the hands of my said trustees;" that the trustees are to pay out the share of the income from time to time set apart for Mrs. Howe at their discretion, for her benefit and comfort, in such manner that her present husband shall have no control over it or benefit or advantage from it, and are to disburse the income set apart for Mrs. Gillan from time to time for her support and maintenance and for the support and maintenance of her daughter, and from like income are to pay for the comfortable support and maintenance of the plaintiff for her life; that the income set apart from time to time for Mrs. Hadley is to be paid directly to her by the trustees, and, using the language of the last section of the tenth paragraph, "that upon the death of any two of my said three daughters, to wit, Jane Elizabeth Gillan, Henrietta Simmons and Mary Eliza

Hadley, leaving no issue them surviving, or leaving issue none of whom shall arrive at the age of twenty-five years, then and in either of such cases my said trustees shall pay over and convey to the survivor of my said three daughters, in fee-simple, all of the trust estate then remaining in their hands; if upon the death of all of my said three daughters, to wit, Jane Elizabeth Gillan, Henrietta Simmons and Mary Eliza Hadley, any two or more of them shall leave lawful issue them surviving and the lawful issue of all but one of such daughters shall die before arriving at the age of twenty-five years, then, and in that case, my said trustees shall pay over and convey to the surviving issue of either of my said daughters in fee-simple all of the trust estate then remaining in their hands, notwithstanding such surviving issue shall not have arrived at the age of twenty-five years; provided, nevertheless, that in case my said daughter Sarah Louisa Howe should survive her three sisters aforesaid and should also survive the lawful issue of any two of her said three sisters, my said trustees shall not pay over and convey to her any portion of the principal of my said trust estate, but they shall retain the use and possession of one-fourth of said estate during the natural life of said Sarah Louisa Howe and shall pay out and expend the net income therefrom solely at their own discretion for the benefit and comfort of my said daughter Sarah Louisa, only as her circumstances and necessities may require during her natural life; and upon her death in case she shall survive her three sisters aforesaid, and shall also survive the lawful issue of any two of such sisters, said one-fourth of my trust estate shall vest in and become the absolute property of the last surviving of such lawful issue in his, her or their heirs and assigns forever."

The plaintiff insists that her right to possession of the land in question accrued at the death of her father on the 16th of June, 1896, his devise to the trustees being void because his ultimate disposition of the residue violates the rule against perpetuities, and she seeks to have the question she thus offers determined in this suit.

Her suit is for immediate possession. The design of the testator very clearly was to withhold from her and her sisters legal title to and possession of the general residuary estate, through the instrumentality of a trust which contemplates such active duties as the payment of the testator's debts, the development and improvement of his residuary estate, consisting almost entirely of land, and the sale of portions of it and the payment of encumbrances upon it; also, the application of three-fourths of the net income for the benefit of three of the daughters, the possible erection of a dwelling for the plaintiff, and the provision of two annuities, one for the plaintiff and the other for a granddaughter, out of the estate's income, both of which annuities are to expire within the limitation of the rule against perpetuities.

However some of these active duties may be considered with reference to remoteness, it is at least clear that the trustees take the entire residuary estate as long as they are required to pay the two annuities. *Gray Perp.*, § 422 *a.* The trust in this behalf is independent and valid. The plaintiff, therefore, is not now entitled to possession and cannot maintain her present action.

It is not necessary at this time that we should construe the clauses of the will presented, to ascertain if the action may be maintained in the future.

The judgment of the Circuit Court will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, COLLINS, GARRISON, GUMMERE, LIPPINCOTT, LUDLOW, VAN SYCKEL, ADAMS, BOGERT, HENDRICKSON, NIXON, VREDENBURGH. 13.

*For reversal*—None.